UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

YOHANN MESSAM,

                Plaintiff,

      v.                                          **MEMORANDUM AND ORDER**
                                                         23-CV-6230 (RPK) (PK)

STARBUCKS COFFEE COMPANY, ISI-NORTH AMERICA, and ISI-CULINARY HOLDING GMBH,

                Defendants.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Defendants iSi–North America and iSi-Culinary Holding GMBH (collectively, the "iSi defendants") move to dismiss plaintiff Yohann Messam's claims against them as time-barred. *See* iSi Defs.' Mot. to Dismiss (Dkt. #34). The motion is granted.

## BACKGROUND

According to the allegations in the amended complaint, which are assumed to be true for the purposes of this order, plaintiff Yohann Messam purchased a drink from a Starbucks location in Queens, New York on October 8, 2020. Am. Compl. ¶ 28 (Dkt. #15). Plaintiff alleges that he "was drinking the drink when a foreign object in the drink caused him to sustain severe and extreme emotional, psychological and physical injuries." *Id.* ¶ 30. Plaintiff filed this action against defendant Starbucks Coffee Company in New York state court on December 29, 2022, bringing claims for negligence, breach of warranties, and strict product liability. *See* State Ct. Docket 4–11 (Dkt. #1-1) (ECF pagination).

1

On August 18, 2023, Starbucks removed the action to this court on the basis of federal diversity jurisdiction.  *See* Notice of Removal (Dkt. #1).  On January 29, 2024, Starbucks filed a motion seeking leave to file a third-party complaint against the iSi defendants.  *See* Starbucks Mot. for Leave to File Third-Party Compl. (Dkt. #12).  Its proposed third-party complaint alleged that the iSi defendants designed, manufactured, and packaged various products which they supplied to Starbucks for use at retail stores in New York and elsewhere.  *See* Starbucks Proposed Third-Party Compl. ¶ 18 (Dkt. #12-5).  Starbucks alleged that the foreign object plaintiff swallowed was a "decorator tip" from the iSi Cream Whipper, manufactured and supplied to Starbucks by the iSi defendants.  *Id.* ¶¶ 16–17.  In response, plaintiff moved to amend his complaint to add the iSi defendants as additional defendants to his complaint.  *See* Pl.'s Request for Leave to Amend Compl. (Dkt. #14).

Magistrate Judge Kuo granted plaintiff's request for leave to amend and directed Starbucks to file its proposed third-party claims as cross-claims against the iSi defendants.  *See* Feb. 2, 2024 Order.  Plaintiff then filed an amended complaint including the iSi defendants as additional defendants to his claims, *see* Am. Compl., and Starbucks filed an answer containing cross-claims against the iSi defendants, *see* Starbucks Answer to Am. Compl. (Dkt. #16).

The iSi defendants now move to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), arguing that they are barred by the applicable statute of limitations.  *See* iSi Defs.' Mot. to Dismiss.

## STANDARD OF REVIEW

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d

2

791, 798 n.12 (2d Cir. 2014).  When considering a motion under Rule 12(b)(6), a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice.  *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).  The Court "assume[s] the[] veracity" of "factual allegations" in the complaint but not its "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and "draw[s] all reasonable inferences in favor of the plaintiff," *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023).

## DISCUSSION

The iSi defendants' motion to dismiss plaintiff's claims is granted.

New York's statute of limitations for products-liability and personal-injury actions is three years.  *Sackman v. Liggett Grp., Inc.*, 167 F.R.D. 6, 11 (E.D.N.Y. 1996); *see* N.Y. C.P.L.R. § 214(5).  "As a general rule a cause of action for personal injuries, whether sounding in negligence, malpractice, or products liability, accrues at the time of injury."  *Barrell v. Glen Oaks Vill. Owners, Inc.*, 814 N.Y.S.2d 276, 277 (App. Div. 2006) (quotation marks and citation omitted); *see Victorson v. Bock Laundry Mach. Co.*, 335 N.E.2d 275, 276 (N.Y. 1975).  Plaintiff's complaint states that he was injured when he swallowed a foreign object in his Starbucks drink on October 8, 2020.  Am. Compl. ¶¶ 29–30.  Ordinarily, the statute of limitations on plaintiff's claims would thus have expired on October 8, 2023—about four months before he filed his amended complaint against the iSi defendants on February 12, 2024.  *See* Am. Compl.

Tolling orders during the COVID-19 pandemic suspended the statute of limitations on plaintiff's claims against the iSi defendants for about a month—not long enough to render those

claims timely.  On March 20, 2020, as a result of the pandemic, New York Governor Andrew Cuomo issued an executive order directing that "any specific time limit for the commencement, filing, or service of any legal action . . . is hereby tolled from the date of this executive order until April 19, 2020."  N.Y. Comp. Codes R. & Regs. tit. 9, § 8.202.8.  Governor Cuomo then issued nine additional executive orders that extended this tolling period.  *See Flaherty v. Dixon*, No. 22-CV-2642 (LGS), 2023 WL 2051861, at *4 (S.D.N.Y. Feb. 16, 2023).  Taken together, the orders tolled all statutes of limitations from March 20, 2020 through November 3, 2020.  *Ibid.*  "A toll suspends the running of the applicable period of limitation for a finite time period, and the period of the toll is excluded from the calculation of the relevant time period."  *Brash v. Richards*, 149 N.Y.S.3d 560, 561 (App. Div. 2021) (brackets, quotation marks, and citation omitted).  Because plaintiff's claim accrued during the time when the statute of limitations was tolled, the three-year limitations period did not begin to run until the end of the tolling period.  Instead, the statute of limitations started to run on November 3 or November 4, 2020, when the tolling orders expired.  *See Roach v. Cornell Univ.*, 172 N.Y.S.3d 215, 218 (App. Div. 2022) ("As the claim accrued when the toll was in effect and the toll extended to November 3, 2020, petitioner had four months from that date to commence the instant proceeding."); *Flaherty*, 2023 WL 2051861, at *4 (explaining that New York courts have disagreed about whether statutes of limitations resumed on November 3 or November 4).  The three-year statute of limitations on plaintiff's claims therefore expired on either November 3 or November 4, 2023.  Plaintiff's claims against the iSi defendants—filed on February 12, 2024—are thus untimely, notwithstanding Governor Cuomo's executive orders.

Plaintiff argues that, because Governor Cuomo's executive orders tolled the statute of limitations for a total of 228 days, an extra 228 days should be added to his limitations period—even though his claims accrued partway through the tolled period.  *See* Pl.'s Opp'n to iSi Defs.'

Mot. to Dismiss 3 (Dkt. #35).  That would cause plaintiff's claims to be timely through May 23, 2024.  *Ibid.*  Plaintiff has identified no support for this theory, which was rejected by the New York Appellate Division, Third Department, in *Roach v. Cornell University*.  *See* 172 N.Y.S. 3d at 218.  As that court explained, a toll does not extend a statute of limitations—it merely suspends the running of the statute of limitations for the period of the toll.  *Ibid.*  Accordingly, the statute of limitations on plaintiff's claims expired three years after the end of the toll.

\*   \*   \*

Defendant Starbucks also filed a response to the iSi defendants' motion to dismiss.  *See* Starbucks Resp. to iSi Defs.' Mot. to Dismiss (Dkt. #36).  In it, Starbucks takes no position on whether plaintiff's claims against the iSi defendants are timely, but argues that Starbucks's cross-claims against the iSi defendants are not barred by any statutes of limitations and should survive the dismissal of the plaintiff's claims against the iSi defendants.  *See ibid.*  The iSi defendants did not move to dismiss Starbucks's cross-claims, *see* iSi Defs.' Mot. to Dismiss, nor did they reply to Starbucks's response, *see* iSi Defs.' Reply in Supp. of Mot to Dismiss (Dkt. #37).  Because the Court dismisses plaintiff's claims against the iSi defendants, Starbucks's request to convert its cross-claims against the iSi defendants into third-party claims is granted.

## CONCLUSION

For the foregoing reasons, the iSi defendants' motion to dismiss plaintiff's claims is granted. Starbucks's cross-claims against the iSi defendants are converted into third-party claims. The Clerk of Court is respectfully directed to amend the case caption accordingly.

SO ORDERED.

                                                 /s/ Rachel Kovner
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: October 8, 2024
       Brooklyn, New York